**In re MILLER & MILLER.**

**No. 2021.**

District Court, S. D. Florida, Miami Division.

Nov. 2, 1943.

Herbert U. Feibelman and W. G. Ward, both of Miami, Fla., for bankrupt.

Harry Siegel and A. M. Sandler, both of Miami, Fla., for trustee.

HOLLAND, District Judge.

On July 12, 1943, the Referee entered his order on objections to the discharge. Petition for review was filed July 22, 1943, and the Referee has certified the matter to the District Judge by certificate of review submitted July 22, 1943. The matter was taken under advisement after extensive argument. I have read the testimony, and reviewed the file.

Two objections to the discharge were filed, but there remains under this certificate of review for consideration only one, and that is under Section 14, sub. c(7), of the Chandler Act, 11 U.S.C.A. § 32, sub. c(7), to-wit, that the bankrupt has failed to explain satisfactorily losses of assets, or deficiency of assets, to meet liabilities. From an analysis of the record I think the Referee was correct in finding that there were reasonable grounds for believing that the bankrupt had committed the offense of failing to explain satisfactorily the deficiency of assets to meet the liabilities, and that the bankrupt has not proven that the partnership had not committed the said act.

The record shows that extensive merchandise was purchased, and that the unsecured claims had increased tremendously from September, 1941, until the filing of the petition herein. The assets on hand at the time of the filing of the petition did not compare favorably with the assets chargeable to the partnership, and as to which there should have been an accounting. As to such merchandise or assets there should have been some reasonable and satisfactory showing. The objection to the discharge is not that the bankrupt partnership had failed to keep or preserve books of account or records, but the bankrupt's failure to keep or preserve books of account with reference to cash withdrawals, and sales of merchandise below cost price, is necessarily involved in a consideration of the specific objection to the discharge which was made. The bankrupt should not be denied a discharge merely because the partnership sold merchandise below cost, neither is a discharge to be denied merely because money was lost in gambling operations. As the Referee found, the guess work conclusions as to amounts are not satisfactory as an explanation of a deficiency of assets. But to me the manner of keeping records as to such losses, the failure to show by book entries withdrawals of cash, and the failure to keep books showing merchandise acquired, and amount of daily sales, thereby making the matters of below cost sales and gambling losses a matter of guess work, renders the objection to the discharge well taken. I agree with the Referee in the order that he made herein.

In this case the order of adjudication was only of the bankrupt partnership as an entity, but the petition was filed on behalf of the individual partners, and of the partnership, and the objection to the discharge related to the partners individually as well as to the partnership entity. Counsel for the petitioners insist in the argument that the brother who was not shown to have been engaged in gambling operations should be entitled to a discharge even though the offending brother had been guilty of this wasteful practice. Various cases are cited in support of the contention that under the circumstances one partner may be denied a discharge and another partner may be granted a discharge. Respectable authority is submitted to support this contention, including cases decided by the Fifth Circuit, Circuit Court of Appeals. I particularly refer to Hardie v. Swafford Bros. Dry Goods Co., 165 F. 588, 20 L.R.A.,N.S., 785. In that case the partner who was denied a discharge had made a false statement in writing. In this case, however, the failure to explain the deficiency of assets was incumbent upon all members of the partnership actively connected therewith. I have examined several of the cases bearing on this point, and particularly Judge Learned Hand's discussion of the matter in Re Simon Weitman & Co., D.C., 2 F.2d 759. In all of these cases that I have examined, I find that the distinction where drawn was as between a partner who was granted the discharge as having committed some offense involving scienter and on the other hand a partner who has not been guilty of such wrongdoing.

I am of the opinion that the offense which sustains the Referee in his finding that the discharge should be denied to both members of this partnership involves a matter which was chargeable to both of these brothers. Possibly one was more active in the business than the other, but the two actively engaged in the conduct thereof.

It is ordered that the ruling of the Referee of which complaint is made is sustained.